1  RUTAN & TUCKER, LLP
   Michael Adams (State Bar No. 185835)
2  madams@rutan.com
   Seth M. Jessee (State Bar No. 310983)
3  sjessee@rutan.com
   18575 Jamboree Road, 9th Floor
4  Irvine, California 92612
   Telephone:  714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Plaintiff
   NICOLE ANDREWS

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  NICOLE ANDREWS, individually and<br>derivatively on behalf of FASTAPP<br>11  INC., | Case No.  8:22-cv-00173 |
| | **COMPLAINT FOR:** |
| 12        Plaintiff, | **1) BREACH OF FIDUCIARY DUTY** |
| 13        vs. | **2) DECLARATORY RELIEF** |
| 14  NAFTALI HOROWITZ, an individual,<br>and DOES 1 through 10, inclusive, | **3) INVOLUNTARY DISSOLUTION** |
| 15        Defendants, | **DEMAND FOR JURY TRIAL** |
| 16  FASTAPP INC., a New York<br>17  corporation, as nominal defendant only, | |
| 18        Nominal Defendant. | |

19

20

21

22

23

24

25

26

27

28

                        COMPLAINT

Plaintiff Nicole Andrews ("Andrews") files this Complaint individually and derivatively on behalf of Fastapp Inc. ("Fastapp") against defendant Naftali Horowitz ("Horowitz") and Does 1-10 (together with Horowitz, the "Defendants"), alleges as follows:

## THE PARTIES

1.      Andrews is an individual and citizen of the State of California who resides in the County of Orange.

2.      Horowitz is an individual and, on information and belief, a citizen of the State of New York.

3.      Nominal defendant Fastapp is, and at all times since 2018 has been, a corporation duly organized and existing under the laws of the State of New York. Fastapp's principal place of business is located at 5118 13th Avenue, 3rd Floor, Brooklyn, New York 11219.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is diversity by and between the parties and this action exceeds $75,000.00 exclusive of interest, costs and attorneys' fees.

5.      This Court has personal jurisdiction over Horowitz because, on information and belief, Horowitz purposefully availed and purposely directed his activities to California by conducting business in California and the claims herein relate to Horowitz's activities in California such that the assertion of personal jurisdiction is reasonable.  This Court also has personal jurisdiction over Horowitz because Horowitz contractually agreed to submit to jurisdiction to the federal courts of the United States of America located in the State of California, County of Orange.

6.      Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California and because Horowitz contractually agreed to submit to jurisdiction to the federal

1  courts of the United States of America located in the State of California, County of

2  Orange.

3  **FACTUAL ALLEGATIONS**

4  7.  In 2018, Horowitz founded Fastapp, an appraisal management

5  company through which mortgage lenders and brokers order property valuations for

6  properties on a loan or refinance is being sought.

7  8.  On or about June 9, 2020, Andrews joined Fastapp as a 51%

8  shareholder and director after serving as a Senior Vice President for a competitor.

9  Prior to Andrews joining Fastapp, Horowitz was Fastapp's sole director and

10  shareholder.

11  9.  Fastapp's Bylaws dated 2018 used permissive language for resolving

12  shareholder and director deadlocks.  Section 2.7 of Fastapp's 2018 Bylaws provided

13  that the shareholders "have the option to designate a third person in writing

14  ("Designated Agent") who will decide any issue that shareholders cannot agree[]

15  upon" and "The Designated Agent can be terminated by any shareholder, at any

16  time, and in writing."

17  10.  As material consideration for Andrews joining Fastapp, Fastapp's

18  Bylaws were amended to ensure there was a procedure to avoid a deadlock for

19  resolving disputes between the two directors.  Thus, on June 9, 2020, Andrews and

20  Horowitz, as Fastapp's directors, agreed by Written Consent of Fastapp's Board of

21  Directors that "[i]f Horowitz and Andrews cannot agree upon an issue in their role

22  as directors or shareholders, they both agree to have Howard Steinfeld ["Steinfeld"]

23  resolve the dispute and his decision shall be binding."

24  11.  The Written Consent amended Fastapp's Bylaws to change the existing

25  permissive dispute resolution provision in which a director could terminate the

26  Designated Agent at any time for any reason, to make the dispute resolution

27  provision mandatory as between Andrews and Horowitz such that Steinfeld could

28  not be removed "by any shareholder, at any time" as set forth in the Bylaws, but

1  instead Steinfeld's decision would be "binding" on both directors and Steinfeld's

2  authority could only be revoked pursuant to the unanimous decision of both

3  directors.

4      12.    Andrews and Horowitz selected Seinfeld to resolve disputes because

5  Steinfeld is a respected business professional in the appraisal management industry

6  and was known and trusted by both Andrews and Horowitz.

7      13.    Recently, Horowitz has undertaken irrational acts due to personal

8  problems, which has caused Fastapp harm and therefore led to disputes between

9  Andrews and Horwitz concerning management of Fastapp.  Horowitz has acted on

10  the assumption that those disputes cannot be resolved, and therefore has taken action

11  in an effort to secure Fastapp's business for himself in the event of Fastapp's

12  dissolution.  For example, on information and belief, Horowitz has contacted

13  Fastapp's clients disparaging Andrews in an attempt to secure their business for

14  himself in the event of Fastapp's dissolution.  Such conduct harms Fastapp and is a

15  breach of Horowitz's fiduciary duties to Fastapp.

16      14.    Horowitz's irrational behavior is obvious to Fastapp's clients.

17  Fastapp's client have contacted Andrews to inform her of Horowitz's conduct and

18  express their belief that Horowitz must have personal issues that is affecting his

19  behavior.

20      15.    Steinfeld, who has a long standing personal relationship with Horowitz,

21  is aware of Horowitz personal problems.  Thus, upon being confronted by Andrews

22  as to his conduct, Horowitz realized that Steinfeld was likely to vote with Andrews

23  in any director dispute.  On January 17, 2022, Horowitz, through his attorney, wrote

24  to Steinfeld stating that Horowitz was terminating Steinfeld as the Designated Agent

25  pursuant to the Bylaws.  Horowitz's letter ignored the amendment to Fastapp's

26  Bylaws as alleged above.

27      16.    Andrews informed Horowitz that his purported termination of

28  Steinfeld's authority was ineffective pursuant to the Bylaws as amended.

17.     Horowitz refuses to accept that Fastapp's Bylaws were amended such that Steinfeld shall resolve director disputes and that Steinfeld's authority cannot be unilaterally terminated by a single director.  Rather, Horowitz believes he can and did terminate Steinfeld's authority to resolve disputes between directors.

18.     Fastapp's Chief Operating Officer is Rachel Burstein ("Burstein"). Burstein has worked with Horowitz for since 2018.  Horowitz is aware that Burstein, given their longstanding relationship, is also aware of Horowitz's personal problems and that Burstein would thus side with Andrews in any current dispute between the directors.  Accordingly, on the Sunday evening of January 23, 2022, Horowitz suspended Burstein, locked her out of the office, and blocked Burstein from her work email account.  Such conduct has harmed Fastapp by leaving it without its Chief Operating Officer.  Such conduct has further harmed Fastapp because its clients are receiving responses to emails sent to Burstein notifying them that her email account was left unattended.  Fastapp's clients have contacted Andrews notifying her that they have received these messages and inquiring whether there are problems at Fastapp.

19.     Fastapp's Senior Vice President of Operations is Bill Munce ("Munce").  Munce is friends with one of Andrews' sons.  Horowitz thus believes that Munce will side with Andrews in any dispute between the directors.  Thus, on January 25, 2022, Horowitz deleted Munce's email account.  This conduct has further harmed Fastapp by leaving it without its two most senior operations personnel – Burstein and Munce.

## FIRST CLAM FOR RELIEF

### (Breach of Fiduciary Duty, by Andrews Individually and Derivatively on Behalf of Fastapp Against Horowitz)

20.     Andrews re-alleges and incorporates herein by this reference each and every paragraph above as if set forth in their entirety.

21.     Horowitz, as President, Treasurer, and a director of Fastapp owed

fiduciary duties to Fastapp. Horowitz was obligated to act with the duties of loyalty and care for the benefit of Fastapp on matters within the scope of his relationship with Fastapp.

22. Horowitz breached his fiduciary duties to Fastapp as alleged above.

23. Horowitz's breach of his fiduciary duties was a substantial factor in causing harm to Fastapp and to Andrews directly. As a direct and proximate result of Horowitz's breach, Andrews and Fastapp have sustained damages in an amount to be determined at trial, but not less than $100,000.

24. If Andrews is successful in this action, a substantial benefit will result to Fastapp on whose behalf this cause of action is prosecuted, and Andrews is entitled to reasonable attorneys' fees incurred herein.

25. Horowitz is the President and a Director of Fastapp and has refused to address the issues complained of herein. Accordingly, a demand on Fastapp that it prosecute this claim on its own behalf would be futile. Moreover, demanding that Horowitz bring an action against himself would be futile.

26. On information and belief, Horowitz acted with oppression, fraud, and malice to justify an award of punitive damages.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

27. Andrews re-alleges and incorporates herein by this reference each and every paragraph above as if set forth in their entirety.

28. Andrews contends the Written Consent amended Section 2.7 of Fastapp's Bylaws to provide that Steinfeld shall resolve disputes and his decision shall be binding. Andrews further contends that Steinfeld's authority cannot be revoked at any time for any reason, but rather can only be revoked pursuant to the unanimous agreement of both directors.

29. Horowitz disputes that the Written Consent amended Section 2.7 of Fastapp's Bylaws. Accordingly, Horowitz contends that he terminated Steinfeld's

1  authority to resolve disputes between the directors.

2      30.    Andrews is entitled to a declaration that Steinfeld has the authority to

3  resolve disputes between the directors and that his authority can only be terminated

4  by unanimous agreement of the directors, and Horowitz has not terminated

5  Steinfeld's authority.

6                        **THIRD CLAIM FOR RELIEF**

7                        **(Involuntary Dissolution)**

8      31.    Andrews re-alleges and incorporates herein by this reference each and

9  every paragraph above as if set forth in their entirety.

10     32.    This claim for relief is in the alternative to the Second Claim for Relief.

11     33.    Andrews is a 51% shareholder and a director of Fastapp.  Horowitz is a

12  49% shareholder and the only other director of Fastapp.

13     34.    Fastapp has an even number of directors who are equally divided and

14  cannot agree as to the management of its affairs, so that its business can no longer

15  be conducted to advantage or so that there is danger that its property and business

16  will be impaired or lost, and the holders of the voting shares of Fastapp are so

17  divided that they cannot elect a board consisting of an uneven number.

18     35.    There is internal dissension and the two shareholders in Fastapp are so

19  deadlocked that its business can no longer be conducted with advantage to its

20  shareholders.  Andrews is informed and believes, and based thereon alleges, that

21  Horowitz has countenanced persistent mismanagement, abuse of authority, and

22  persistent unfairness toward Andrews as alleged above.

23     36.    Andrews is informed and believes, and based thereon alleges, that

24  because of the damage and injury Horowitz has caused and will continue to cause to

25  Fastapp, liquidation is reasonably necessary for the protection of the rights and

26  interests of Andrews as shareholder.

27     37.    Andrews is entitled to an order requiring the involuntary dissolution of

28  Fastapp, appointing a provisional director and receiver to wind up Fastapp's affairs,

1   and enjoining Fastapp from exercising any of its powers or doing business except

2   through the appointed receiver.

3                              **PRAYER FOR RELIEF**

4        WHEREFORE, Andrews' prays for judgment against Defendants as follows:

5        1.      For damages in an amount to conform to proof at trial, but not less than

6   $100,000;

7        2.      For prejudgment and post-judgment interest in the maximum amount

8   allowed by the law;

9        3.      For exemplary and punitive damages to the extent permitted by

10  applicable law;

11       4.      For a declaration that Steinfeld has the authority to resolve disputes

12  between the directors and that his authority can only be terminated by unanimous

13  agreement of the directors, and Horowitz has not terminated Steinfeld's authority.

14       5.      In the alternative, for an order requiring the involuntary dissolution of

15  Fastapp, appointing a provisional director and receiver to wind up Fastapp's affairs,

16  and enjoining Fastapp from exercising any of its powers or doing any business

17  except through the appointed receiver;

18       6.      For attorneys' fees and costs of suit incurred herein to the extent

19  permitted by applicable law; and

20       7.      For such other and further relief that the Court deems just and proper.

21  Dated:  February 1, 2022                    RUTAN & TUCKER, LLP
22                                              MICHAEL ADAMS
                                                SETH M. JESSEE
23

24                                              By:   */s/ Michael Adams*
                                                      _____
25                                                    Michael Adams
                                                      Attorney for Plaintiff
26                                                    NICOLE ANDREWS

27

28

1

## JURY TRIAL DEMAND

2     Plaintiff Nicole Andrews hereby demands a trial by jury.

3

4     Dated:  February 1, 2022                    RUTAN & TUCKER, LLP
                                                   MICHAEL ADAMS
5                                                  SETH M. JESSEE

6
                                                   By:   */s/ Michael Adams*
7                                                  _____
                                                   Michael Adams
8                                                  Attorney for Plaintiff
                                                   NICOLE ANDREWS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
-8-